Lakaj v. McHenry

BIA
Cortes, IJ
A206 296 529/530

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of January, two thousand twenty-five.

PRESENT:
>REENA RAGGI,
>STEVEN J. MENASHI,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

_____

ALKETE LAKAJ, WILLIAM LAKAJ,
>*Petitioners,*

>v.

JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,
>*Respondent.\**

_____

22-6467
NAC

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

| FOR PETITIONER: | James A. Lombardi, Esq., New York, NY. |
|---|---|
| FOR RESPONDENT: | Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer P. Levings, Assistant Director; Jennifer R. Khouri, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Alkete Lakaj ("Lakaj"), a native and citizen of Albania, and her son William Lakaj, a native of Italy and citizen of Albania, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal.

[1] *In re Alkete Lakaj, William Lakaj,* Nos. A 206 296 529/530 (B.I.A. Aug. 26, 2022), *aff'g* Nos. A 206 296 529/530 (Immig. Ct. N.Y. City May 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review fact-finding, including an adverse

---

[1] Petitioners affirmatively waived their claim under the Convention Against Torture.

2

credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's conclusion that Lakaj was not credible. The IJ reasonably relied on inconsistencies between Lakaj's testimony, application statement, and documentary evidence in finding her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lakaj alleged that her husband was persecuted in Albania between 2008 and 2013, and that she cared for him and treated his injuries each time, but the evidence she submitted included a birth certificate reflecting that her son was born in Italy in 2009, and an Italian permanent resident card issued in Italy in 2010. And her May 2013 U.S. visa application stated that she and her family had been in "Italy since 2002 with full permission." Based on these inconsistencies, the agency reasonably concluded that she was not credible because her evidence placed her in Italy during the years she alleged that she was threatened and caring for her husband in Albania. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) (deferring to the agency where there are two possible interpretations of the record "so long as the deductions are not illogical or implausible" (quotation marks omitted)); *see also Xiu Xia Lin*, 534 F.3d at 167. The IJ was not required to credit Lakaj's explanation that the documents placing her in Italy were false as Lakaj did not affirmatively inform the agency of the alleged falsity, she provided the explanation only when confronted at the hearing, and she

4

had no objective evidence of her presence in Albania after 2009. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quotation marks omitted)); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although a letter from Lakaj's father stated that Lakaj was in Italy for one year beginning in 2008, the IJ did not err in declining to give weight to that document. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination").

In sum, the inconsistency about when Lakaj was in Italy and her lack of reliable documentation of her presence in Albania constitute substantial evidence for the adverse credibility determination. *See id.* at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to

5

find h[er] credible."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273.  The adverse credibility determination is dispositive because asylum and withholding of removal were based on the same factual predicate.  *See Hong Fei Gao*, 891 F.3d at 76.  Accordingly, we do not reach the agency's alternative firm resettlement finding.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6